94 F.3d 647
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Anthony S. PEEPLES, Defendant-Appellant.
 No. 95-1634.
 United States Court of Appeals, Seventh Circuit.
 Submitted July 22, 1996.
Decided Aug. 6, 1996.
 
 Before CUMMINGS, BAUER, and ESCHBACH, Circuit Judges.
 
 ORDER
 
 1
 Anthony Peeples was indicted on three Counts: Count 1, possession of cocaine base, with the intent to distribute it, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B); Count 2, using or carrying a shotgun in relation to a drug trafficking offense, in violation of 18 U.S.C. § 924(c)(1); and, Count 3, possession of an unregistered firearm, in violation of 26 U.S.C. § 5861(d). A jury convicted Peeples on all three Counts.
 
 
 2
 Peeples appealed his convictions on Counts 1 and 2. In an unpublished disposition dated November 27, 1995, we affirmed Peeples's convictions in toto. United States v. Peeples, 70 F.3d 1275 (7th Cir.1995) (unpublished disposition). On December 6, 1996, the Supreme Court decided Bailey v. United States, 116 S.Ct. 501 (1995). Peeples appealed our November 27 order, and the Supreme Court vacated our judgment and remanded the case for reconsideration in the light of Bailey.
 
 
 3
 As a preliminary matter,[1] we note that Bailey is not relevant to Peeples's conviction on Count 1. Therefore, for all of the reasons set forth in the November 27 order, Peeples's conviction on Count 1 is affirmed.
 
 
 4
 Next we turn to Peeples's conviction on Count 2. The trial record makes clear that when police entered the bedroom where Peeples stayed, they found a leather jacket on the bed. When they picked up the jacket, a shotgun fell out. A search of the nightstand in the bedroom revealed $349 in cash and 31 individually wrapped "rocks" of cocaine base ("crack"), weighing 7.4 grams. At trial the government introduced expert testimony that the leather jacket wrapped around the shotgun was a common method employed by drug traffickers to carry a concealed weapon. Expert testimony also indicated that the close proximity of the gun, money, and crack is common to drug trafficking operations. The only eyewitness testimony regarding Peeples's physical possession of the shotgun came from Peeples's girlfriend, who testified that she saw Peeples carrying the shotgun days before the arrest.
 
 
 5
 The district court only instructed the jury on the "use" prong of Count 2.[2] The Court defined "use" as utilizing a gun for protection or intimidation to increase the likelihood of success of the drug transaction or to provide a heightened sense of security to the defendant. The court expressly noted that the defendant need not physically possess the gun.
 
 
 6
 The trial court's instruction provided an acceptable definition of "use" under the holdings of this circuit at the time. See United States v. Vasquez, 909 F.2d 235, 239 (7th Cir.1990), cert. denied, 501 U.S. 1217 (1991). Bailey, however, substantially narrowed the definition of "use" under 18 U.S.C. § 924(c)(1). The Court defined "use" as "the active employment of a firearm," including "brandishing, displaying, bartering, striking with, and most obviously, firing or attempting to fire, a firearm." Bailey, 116 S.Ct. at 506. The Court made clear that placing a weapon so as to protect or embolden does not constitute "use." Id.; United States v. Thomas, 1996 WL 289972 at * 3 (7th Cir. May 31, 1996).
 
 
 7
 In our November 27 order, we noted that the Court was considering Bailey, and concluded that Peeples's conviction would stand even if the Court adopted the more narrow definition of "use" urged by the appellant. The Court went further than we anticipated. The facts of this case, viewed in the light of the definition of use in Bailey, force us to conclude that Peeples did not "use" the shotgun as that term is defined in Bailey. Although there was testimony that Peeples carried the shotgun, there is no evidence that Peeples carried the shotgun "in relation to" a drug trafficking offense. Further, the jury was not instructed on the "carry" prong of 18 U.S.C. § 924(c)(1). More important, the government concedes that Peeples's conviction should be reversed in the wake of Bailey, thereby forfeiting its right to ask us to scrutinize Peeples's conviction for plain error.
 
 
 8
 Therefore, Peeples conviction on Count 2 is reversed. This case is remanded to the district court for resentencing with respect to Counts 1 and 3.
 
 
 9
 AFFIRMED IN PART, REVERSED IN PART, and REMANDED.
 
 
 
 [1]
 We incorporate by reference the factual description set forth in the November 27 order
 
 
 [2]
 The court's instructions made no mention of "carry."